US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 2 3 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JARED HIGGS, INDIVIDUALLY and as
SPECIAL ADMINISTRATOR OF THE
ESTATE OF HEATHER HIGGS, DECEASED

VS.  CIVIL NO. 16-4079

PNK, INC. and JERRY FREEMAN

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jared Higgs, Individually and as the Special Administrator of the Estate of Heather Higgs, Deceased complaining of Jerry Freeman ("Defendant Freeman") and PNK, Inc. ("Defendant PNK") and for cause of action would respectfully show unto the court as follows:

I.

1. Plaintiff Jared Higgs is a resident and citizen of Bowie County, Texas, and Heather Higgs was a resident and citizen of Bowie County, Texas at the time of her death.

2. Defendant Freeman is a resident and citizen of Nevada County, Arkansas, and may be served with process at 1213 Highway 67 South, Prescott, Arkansas 71857.

3. Defendant PNK is incorporated under the laws of the State of Arkansas, and its principal of business is located in Nevada County, Arkansas. It may be served with process by serving its registered agent, Kenny Munn, 349 Highway 299 East, Emmet, Arkansas 71835.

II.

4. This Court has jurisdiction over this claim based on a complete diversity of citizenship

and the amount in controversy being greater than $75,000.00.

5. Venue is proper because both Defendants reside in this district.

### III.

6. Defendants killed Mrs. Heather Higgs. On August 11, 2016, Mrs. Higgs was driving home from work on Interstate 30. Due to traffic stopping in front of her, Mrs. Higgs stopped her car. Defendant Freeman–while in the course and scope of his employment–recklessly failed to stop the 18 wheeler he was operating, and violently collided with Mrs. Higgs. This violent collision caused Mrs. Higgs' car to catch fire, and she was burned to death.

7. At the time of the collision, Defendant PNK was engaged in the business of a motor carrier engaged in interstate commerce, operating commercial vehicles, and subject to the rules and regulations of the United States Federal Highway Administration, Department of Transportation, using the roads and highways of the United States.

8. Both the tractor and trailer Defendant Freeman operated, which belong to PNK, are commercial vehicles as defined by Federal Regulations, and each vehicle is subject to the inspection, maintenance and operational limitations requirement of the regulations promulgated by the Federal Highway Administration, Department of Transportation.

### IV.

9. Defendant Freeman's conduct constitutes negligence. Specifically, Defendant Freeman was negligent in the following manner:

   a. Failing to operate his 18-Wheeler at a reasonable speed under the circumstances;

      b.      Failing to keep a proper lookout;

      c.      Failing to properly control his vehicle;

      d.      Failing to yield to the right-of-way;

      e.      Failing to control speed;

      f.      Failing to timely apply the 18-Wheeler's brake;

      g.      Operating the 18-Wheeler in an unsafe manner;

      h.      Following to closely to the cars in front of him;

      i.      In driver inattention;

      j.      Failing to take proper evasive action;

      k.      Failing to pay proper attention when operating his 18-Wheeler;

Each of these acts and omissions, singularly and in combination with each other, proximately caused the damages as set forth herein.

10. At the time of the violent collision, Defendant Freeman was in the course and scope of his employment with Defendant PNK. Thus, under Federal Regulations and the doctrine of *respondeat superior*, Defendant PNK is legally responsible for the negligent acts and omissions of Defendant Freeman and all damages proximately caused by such acts and omissions.

V.

11. Defendant PNK is independently liable for its own acts and/or omissions, which constitute negligence. Defendant PNK did not possess and comply with reasonable care ordinarily possessed and used by similar entities. The acts and or omissions include, but are not limited

to, the following:

    a. Failing to properly qualify Defendant Freeman;

    b. Failing to supervise Defendant Freeman;

    c. Failing to train Defendant Freeman;

    d. Continuing to employee Defendant Freeman; and

    e. Failing to properly instruct Defendant Freeman on operating an 18-Wheeler safely.

12. As a result of Defendants' negligence, Mrs. Heather Higgs suffered multiple injuries and burned to death. Thus, Plaintiff in his capacity as the Special Administrator of the Estate of Heather Higgs, is entitled to recover the following damages on behalf of the Estate:

    a. Mental anguish suffered by Heather Higgs prior to her death;

    b. Emotional distress suffered by Heather Higgs prior to her death;

    c. Loss of life damages;

    d. Pain and suffering suffered by Heather Higgs prior to her death; and

    e. Funeral expenses.

13. As a proximate result of Defendants' negligence, Plaintiff in his capacity as the Special Administrator of the Estate of Heather Higgs, brings this action on behalf of himself, and the following surviving family members:

| | | | |
|---|---|---|---|
| a. | Harley Clancy | Daughter | 3201 Stivers Blvd.<br>Bryant, Arkansas 72022 |
| b. | Cynthia Beck | Mother | Highway 2149<br>Maud, Texas 75567 |

|   |   |   |   |   |
|---|---|---|---|---|
| c. | Jerry Beck | Father | | Highway 2149 Maud, Texas 75567 |
| d. | Heath Beck | Brother | | Highway 2149 Maud, Texas 75567 |

14. Plaintiff, as Special Administrator of the Estate of Heather Higgs, is entitled to recover the following damages on behalf of himself and the surviving family members:

    a. Pecuniary injury;

    b. Grief and mental anguish suffered by each surviving family member; and

    c. Any and other damages cognizable and recoverable under the Arkansas Wrongful Death Act.

15. The conduct of Defendants constitutes that of gross negligence, and entitles Plaintiff to exemplary damages.

## VI.

16. Plaintiff specifically demands a trial by jury in this cause.

## VII.

17. WHEREFORE, Plaintiff prays that Defendants be cited in terms of law to answer and appear herein; that after a jury trial, Plaintiff have judgment against Defendants for all of the above damages in an amount in excess of the minimum jurisdictional limits of the Court; for prejudgment interest; for interest on his judgment at the legal rate; for costs of court; and for such other and further relief, both general and specific, as required by law.

Respectfully Submitted

_____
Matthew F. Golden
State Bar # 2007104

                                                          MATTHEW GOLDEN LAW FIRM, PLLC
                                                          723 Main Street
                                                          Texarkana, Texas 75501
                                                          Telephone:   (903) 791-0439
                                                          Facsimile:    (903) 792-5073
                                                          Email: matt@mattgoldenfirm.com

                                                          ATTORNEY FOR PLAINTIFF