IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JARED HIGGS, *Individually and as*
*Special Administrator of the Estate of*
HEATHER HIGGS, *Deceased*                                                              PLAINTIFFS

v.                                          Civil No. 4:16-cv-04079

PNK, INC. *et al.*                                                                             DEFENDANTS

**ORDER**

Pending now before the Court is Plaintiffs' Motion to Approve Settlement, Approve Attorney Fees, and Distribute Settlement Proceeds. ECF No. 34. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 33.

**I.      Background:**

This lawsuit involves a motor vehicle collision which occurred on August 11, 2016. ECF No. 5. As a result of this accident, Heather Higgs was killed when a 18 wheeler, being driven by Defendant Jerry Freeman and owned by Defendant PNK, Inc., collided with Mrs. Higgs' vehicle. *Id.*

On August 23, 2016, Plaintiff Jared Higgs, husband of Heather Higgs, was appointed Special Administrator of the Estate of Heather Higgs. ECF No. 34. As the Special Administrator of the Estate of Heather Higgs, Jared Higgs brings this action on behalf of himself and the surviving family members. ECF No. 5. The surviving family members of Heather Higgs are: (1) H. C., minor daughter, (2) Cynthia Beck, mother, (3) Jerry Beck, father, and (4) Heath Beck, brother. *Id.*

**II.** **Discussion:**

According to Motion to Approve Settlement, Approve Attorney Fees, and Distribute Settlement Proceeds, the parties have agreed to settle this case, subject to Court approval, for $950,000.00. ECF No. 34. "Normally, parties to a civil dispute can reach a money settlement among themselves, bringing a case to an end without a court's approval or intervention." *Eagan by Keith v. Jackson*, 855 F. Supp. 765, 774 (E.D. Pa. 1994). In this instance, however, the Court's authority and responsibility to review the settlement agreement comes from its "special duty ... to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Some courts have found this duty comes from Federal Rule of Civil Procedure 17(c), which provides that a district court must "appoint a guardian ad litem—or issue another appropriate order—to protect a minor ... who is unrepresented in an action." *See Robidoux*, 638 F.3d at 1181; *Oliva v. United States*, 2016 WL 7665536, at *2 (W.D. Mich. Dec. 22, 2016), R & R adopted, 2017 WL 76914 (W.D. Mich. Jan. 9, 2017); *Buchannan for T.B. v. Diversified Consultants, Inc.*, 2014 WL 3907834, at *2 (D. Colo. May 8, 2014). At least one court has disagreed with this interpretation of Rule 17(c), and has instead relied on state law and "the Court's inherent duty to protect the interests of minors ... that come before it." *Eagan by Keith*, 855 F. Supp. at 775. Regardless of whether the Court's authority derives from Rule 17(c) or its inherent duty to protect minors who come before it, the Court is confident the authority exists, and it has an obligation to exercise it.

To assist in the Court's responsibility to review the settlement agreement, I find it necessary to appoint a guardian ad litem to represent the interests of the minor H.C.

**III.     Conclusion**:

    Based on the foregoing, the Court **ORDERS** as follows:

**1.**     Mark Burgess, of the Burgess Law Firm PLLC., 4201 Texas Blvd, Texarkana, TX 75503, is duly appointed as guardian ad litem for H.C., a minor, with regard to this litigation.  Mr. Burgess shall review the case file, the settlement terms between the parties, and any further documentation necessary to represent H. C.'s interests in this matter.

2.     Mr. Burgess shall prepare a report for the Court regrading the proposed settlement by October 30, 2018.

3.     Mr. Burgess shall be compensated by Defendants.

4.     Plaintiff counsel shall serve this Order on Mr. Burgess within three days of the date of this Order.

    **ENTERED this 23rd day of August 2018.**

    /s/   Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE